## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMANUELI MIRANDA-ARAGON, | : | |
| *Petitioner,* | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-cv-3507 |
| | : | |
| MARKWAYNE MULLIN, in his official | : | |
| capacity, Secretary of the U.S. Department | : | |
| of Homeland Security, *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this **27th** day of **May 2026**, upon review of Petitioner Emmanueli Miranda-Aragon's Petition for Writ of Habeas Corpus (ECF No. 1), Respondents' Letter dated May 27, 2026 (ECF No. 10), and the docket, it is hereby **ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. For the reasons stated in this District's prior cases, *see, e.g.*, Memorandum Opinion at 1–10, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488 (E.D. Pa. Nov. 18, 2025); Memorandum Opinion at 1–14, *Anirudh v. McShane*, No. 25-cv-6458 (E.D. Pa. Dec. 9, 2025); Memorandum Opinion at 1–5, *Rios Porras v. O'Neill*, No. 25-cv-6801 (E.D. Pa. Dec. 22, 2025); which Respondents concede are not materially distinguishable, *see* ECF No. 10 at 2, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a). Accordingly, the Petition (ECF No. 1) is granted insofar as Petitioner's detention without a bond hearing is unlawful.

2. On or before **June 3, 2026**, Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a), at which the parties will be allowed to present

evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

3. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) on or before **June 3, 2026** as required herein, Petitioner shall be immediately released from detention while awaiting the bond hearing.

4. Any restrictions previously imposed on Petitioner's location by this Court are now **LIFTED** for the purpose of holding a bond hearing.

5. The Parties shall file a Joint Status Letter updating the Court as to the results of the bond hearing, on or before **June 10, 2026 at 5:00 p.m.**  Further, the Parties shall advise the Court in their Joint Status Letter whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

2